IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON AND FRANCESCO GUSMANO, individually and behalf of all others similarly situated, | : : : : | CIVIL ACTION FILE NO. |
| Plaintiffs, | : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| SECOND CHANCE ADVOCATE LLC | : : | |
| Defendant. | : | |

Sheri Ann Butler Brockington ("Plaintiff Brockington") and Francesco Gusmano ("Plaintiff Gusmano") individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations adopted by the Federal Communications Commission ("FCC").

2. As alleged herein, Defendant is alleged to have violated the TCPA by making calls to the cellular telephones of Plaintiffs and the proposed Class ("Class," defined below) by making calls to the cellular telephones of Plaintiffs and the Class using an artificial or prerecorded voice.

3. Through this action, Plaintiffs seek injunctive relief to end Defendant's ongoing and future violations of the TCPA. Plaintiffs also seek an award of statutory damages to Plaintiffs and the Class.

## PARTIES

4. Plaintiff Sheri Ann Butler Brockington is, and at all times mentioned herein was, an individual residing in this District.

5. Plaintiff Francesco Gusmano is, and at all times mentioned herein was, an individual.

6. Defendant is a Florida limited liability company with its principal place of business in Palm Beach County.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has jurisdiction over Defendant as it directed its calls and left prerecorded voicemails to Plaintiff Brockington, who resides in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim here, the prerecorded calls to Plaintiff Brockington at issue, occurred in this District.

## FACTUAL ALLEGATIONS

Plaintiff Brockington

10. Plaintiff Brockington acquired her telephone number, (423) 718-XXXX, in December of 2023.

11. Plaintiff Brockington uses the number for personal purposes.

12. At no point had Plaintiff Brockington sought out or requested information regarding Defendant's business prior to receiving the calls at issue.

13. Despite this, Plaintiff Brockington received at least five calls from Defendant from October 2025 to November 2025.

14. On each of the calls, Defendant left an artificial or prerecorded voicemail for Plaintiff Brockington.

15. The first call was placed by Defendant on October 6, 2025, from caller ID (615) 205-3831.

16. Plaintiff Brockington did not answer the call but received the following artificial or prerecorded message:

> Hi there. This is Anna. Sorry that I missed you. I was just calling to help you fix your payday loan problem. If you have more payday loans than you can pay back or feel like your payday loans are taking over your life, you may qualify for a loan program that payday loan companies don't want you to know about. Payday loan companies trap you into paying sky high rates and we understand that people sometimes they get more payday loans than they can handle. One or more payday loans is all you need to qualify. We'll help you regain control of your payday loans and even provide you attorney representation to protect you from payday lenders and help you get back on track. So, if that sounds like something you're interested in then just give us a call at 1-888-918-7155 for a free consultation and that way you can find out if this program is right for you. Again, give us a call at 888-599-1096 to put an end to your payday problem today. Alright, we'll talk soon. Goodbye.

17. Plaintiff Brockington received the identical pre-recorded message on October 10, October 15, November 24, and November 26, 2025.

18. The purpose of each of Defendant's calls was to promote and encourage the purchase of Defendant's goods and services where they offer payday and other similar type of high interest loans.

19. When Plaintiff Brockington listened to the voicemails, she was easily able to determine they were prerecorded messages. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODEJSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one

receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

20. Moreover, Defendant's calls and voicemails were clearly prerecorded because (1) the voice sounded artificial; and (2) Defendant left the identical voicemail for Plaintiff Brockington each time including not only content, but in inflection, tone, and pitch.

21. Plaintiff Brockington never provided Defendant with any type of consent or permission to receive calls from Defendant.

22. Plaintiff Brockington has no established business relationship with Defendant.

23. Plaintiff Brockington never provided Defendant with prior express written consent, or any consent or permission, to receive the calls at issue.

Plaintiff Gusmano:

24. Plaintiff Gusmano's telephone number is (954) 469-XXXX.

25. Plaintiff Gusmano uses the number for personal purposes.

26. At no point had Plaintiff Gusmano sought out or requested information regarding Defendant's business prior to receiving the calls at issue.

27. Despite this, Plaintiff Gusmano received at least two calls from Defendant on November 18 and December 3, 2025.

28. On both of the calls Defendant left an artificial or prerecorded voicemail for Plaintiff Gusmano.

29. The voicemails were each identical to the messages that had been left for Plaintiff Brockington, however, Defendant provided different two different call back numbers: (888) 510-1562 and (833) 323-1738.

30. The purpose of each of Defendant's calls was to promote and encourage the purchase of Defendant's goods and services where they offer payday and other similar type of high interest loans.

31. When Plaintiff Gusmano listened to the voicemails, he was easily able to determine that it was a prerecorded message. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODEJSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

32. Moreover, Defendant's calls and voicemails were clearly prerecorded because (1) the voice sounded artificial; (2) Defendant left the identical voicemail for Plaintiff Gusmano each time including not only content, but in inflection, tone, and pitch; and (3) the voicemails were identical to those left for Plaintiff Brockington other than the call-back number provided.

33. Plaintiff Gusmano never provided Defendant with any type of consent or permission to receive calls from Defendant.

34. Plaintiff Gusmano has no established business relationship with Defendant.

35. Plaintiff Gusmano never provided Defendant with prior express written consent, or any consent or permission, to receive the calls at issue.

Both Plaintiffs:

36. Defendant's unlawful calls caused Plaintiff Brockington, Plaintiff Gusmano, and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, violation of their statutory privacy rights, and disruption to their personal and daily life as Plaintiffs received

Defendant's unsolicited calls and messages at inconvenient times, causing Plaintiffs to stop to check their phones and waste time answering the calls to confirm they were not for an emergency purpose, and because Plaintiffs were forced to spend time investigating Defendant and seeking out legal counsel to stop Defendant's harassing calls.

37. There are numerous consumer complaints regarding Defendant's unlawful and harassing telemarketing tactics on the internet.

38. Defendant has also been ***previously sued*** for the same conduct alleged herein, strongly suggesting that Defendant's violations of the TCPA here were knowing and willful.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully stated herein.

40. Plaintiffs bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **TCPA Prerecorded Voice Class:** All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received a telephone call, (2) by or on behalf of Defendant, (3) on their cellular phone, (4) that used an artificial or pre-recorded voice, (5) and who did not give prior express written consent to receive such calls.

41. Defendant and its employees or agents are excluded from the Class. Plaintiffs reserve the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

42. Plaintiffs bring all claims in this action individually and on behalf of Class Members against Defendant.

### *Numerosity*

43. Members of the Class are so numerous that their individual joinder is impracticable.

44. On information and belief, based on the technology used to call Plaintiffs, which is used to make calls *en masse*, Members of the Class number in the thousands.

45. The precise number of Class Members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.

46. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

*Commonality*

47. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

48. Common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendant placed telephone calls to the cellular phones of Plaintiffs and the Class using an artificial or prerecorded voice;

    b. Whether Defendant placed telephone calls to Plaintiffs and the Class using a prerecorded message;

    c. Whether Defendant can meet its burden of showing that it had prior express written consent to place telephone calls to Plaintiffs and the Class using an artificial or prerecorded voice;

    d. Whether Defendant acted knowingly or willfully in placing the unlawful calls at issue;

    e. Whether Defendant is liable to Plaintiffs and the Class for statutory damages and/or liquidated damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

49. The claims of the named Plaintiffs are typical of the claims of the Class because the named Plaintiffs, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

50. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

51. The interests of Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

### Superiority

52. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

53. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

54. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

55. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

56. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

57. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiffs and the TCPA Prerecorded Voice Class)

58. Plaintiffs repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

59. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using…an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

60. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—placed telephone calls to the cellular telephone numbers of Plaintiffs and the Class using an artificial or prerecorded voice.

61. When Plaintiffs listened to the voicemails, they were easily able to determine that it was a prerecorded message. *See Rahn*, 2016 U.S. Dist. LEXIS 186171, at *10-11 ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

62. Moreover, Defendant's calls and voicemails were clearly prerecorded because (1) the voice sounded artificial; and (2) the voicemails at issue were all identical is content, tone, pitch, wording, other than the call-back number that was provided.

63. Defendant did not have prior express written consent to place telephone calls to Plaintiffs and the Class using an artificial or prerecorded voice.

64. Defendant, therefore, violated Section 227(b)(1)(A)(iii).

65. As a result of Defendant's violations of the TCPA, Plaintiffs and the Class members were harmed.

66. Plaintiffs and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

67. Plaintiffs and the Class members are also entitled to an award of statutory damages of $500.00 for each telephone call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

68. Because Defendant knew or should have known that it was placing calls using an artificial or prerecorded voice without prior express written consent, Defendant's violations of the TCPA were willful or knowing.

69. Under the TCPA, Plaintiffs and the Class are entitled to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A. An Order certifying the Class, appointing Plaintiffs as Class Representative, and Plaintiffs' counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA;

C. An award to Plaintiffs and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiffs and the Class of their reasonable attorneys' fees and the costs of this action;

E. An injunction against Defendant's ongoing and future violations of the TCPA; and

F. Such further and other relief as the Court deems just and necessary.

## JURY DEMAND

Plaintiffs request a jury trial as to all claims of the complaint so triable.

Dated: February 23, 2026

PLAINTIFFS, on behalf of themselves
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com