SHERRI BUTLER BROCKINGTON, *et al.*,    )
)                 Case No. 1:26-cv-41
　　　　*Plaintiffs*,                          )
)                 Judge Atchley
v.                                                        )
)                 Magistrate Judge Steger
SECOND CHANCE ADVOCATE, LLC,    )
)
　　　　*Defendant*.                          )

## ORDER

The Court has received notice that the parties have "tentatively reached a settlement in this matter and hope to file appropriate dismissal paperwork within sixty days." [Doc. 7]. Defendant has yet to file an answer or other responsive pleading, though the record suggests that Defendant was served on March 2, 2026. [Doc. 6].

Given the parties' tentative settlement, the Court is hesitant to stay initial case deadlines indefinitely. Ordinarily, a responsive pleading would soon be due, the parties would be required to file a 26(f) report thereafter, and the Court would enter a scheduling order. Under the circumstances, the Court finds it appropriate to temporarily stay this action to permit the parties to finalize a settlement. So that the case will not unnecessarily linger on the Court's docket, Plaintiff will be required to file a status report within 30 days of this Order if the case remains pending.

Accordingly, Plaintiff **SHALL FILE** a status report on **April 20, 2026**, if this action remains pending, stating whether the parties have agreed to a resolution of all claims in this matter.

Should this action be resolved prior to this deadline, the parties **SHALL FILE** either a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i) or a stipulation of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as

appropriate.

The parties are **REMINDED** that subject to Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute, dismissal that complies with Federal Rule of Civil Procedure Rule 41(a)(1)(A) is effective upon filing, without the necessity of a Court order.

Moreover, Courts generally "do not retain jurisdiction to enforce settlement agreements because those controversies implicate state law and have little to do with the original controversy that invoked federal subject-matter jurisdiction." *Limbright v. Hofmeister*, 553 F. Supp. 2d 886, 892-93 (E.D. Mich. 2008); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Dismissal of this action is therefore appropriate irrespective of whether the terms of the settlement have been fully effectuated.

Similarly, court approval of private settlement agreements is rarely necessary. If the parties believe it is necessary or appropriate for the Court to approve their settlement agreement or retain jurisdiction over the enforcement of any settlement, a motion setting forth the basis for this position **SHALL** be filed with any dismissal motion.

Plaintiff is put **ON NOTICE** that if neither a status report or appropriate stipulation of dismissal is filed on or before **April 20, 206**, , the Court will dismiss this action pursuant to Federal Rule of Civil Procedure Rule 41(b) and Local Rule 68.1.

   **SO ORDERED.**

       */s/ Charles E. Atchley, Jr.*
       **CHARLES E. ATCHLEY, JR.**
       **UNITED STATES DISTRICT JUDGE**